
FILED
JUN 16 2015
Clerk, U.S. District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| In re:<br><br>HARDIN & COMPANY, LTD.,<br><br>        Debtor.<br>_____<br><br>DENNIS HARDIN,<br><br>        Appellant,<br><br>vs<br><br>JOSEPH V. WOMACK, et al.<br><br>        Appellee. | Bankruptcy Case No. 13-60413<br><br><br><br><br>No. CV-14-41-BU-SEH<br><br><br>**MEMORANDUM AND ORDER** |

## BACKGROUND

Debtor, Hardin & Company, Ltd. is a real estate firm, owned by Dennis

Hardin ("Hardin"). Pre-bankruptcy, Hardin listed for sale property of two

veterinarians (Stafford and Longren, together "Veterinarians"). Hardin asserted it marketed the property. The listing expired. The property was later sold. Hardin sued the Veterinarians for a commission from the sale in Montana State Court. The case was dismissed on summary judgment in favor of the Veterinarians. The Veterinarians also were awarded fees by the State Court. No judgment was entered. Hardin then filed Chapter 7 bankruptcy. The Trustee later negotiated a settlement of the State Court commission litigation. Hardin opposed the settlement as "without consideration." The Bankruptcy Court disagreed and approved the settlement. This appeal followed.[1]

## JURISDICTION

This Court has appellate jurisdiction to review final orders of the Bankruptcy Court under 28 U.S.C. § 158(a).

## ISSUE ON APPEAL

This appeal raises a single issue: Did the Bankruptcy Court err by approving a settlement agreement between a bankruptcy trustee and creditor? The answer is "no."

---

[1] The Notice of Appeal filed June 25, 2014, incorrectly identifies the appeal to be from "the Order entered on the 21st day of March, 2014, . . . denying Dennis Hardin's Motion to Abandon filed January 28, 2014." Doc. 1. It is apparent from the briefs and arguments of counsel the appeal was intended to be taken from the Bankruptcy Court's Order of May 8, 2014, approving the "Stipulation Compromising and Settling Litigation." *In re Hardin & Company, Ltd.*, Bankr. Case No. 13-60413-7, Doc. 137. This opinion addresses the issue accordingly.

## STANDARD OF REVIEW

A bankruptcy court's decision to approve a compromise is reviewed for abuse of discretion.[2]

## DISCUSSION

A reviewing court reviews the compromise to ensure it is fair and equitable and considers the factors listed in A & C Properties:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessary attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.[3]

The Bankruptcy Court did not abuse its discretion in approving the settlement between the Trustee on behalf of the Debtor and the Veterinarians, a creditor of the Debtor. The settlement agreement executed by the Trustee and the Veterinarians detailing the terms and conditions of the settlement was before the Bankruptcy Court and was fully considered at hearing on due notice before the settlement was approved. Each party both gained and gave up certain rights and

---

[2] *See In re Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003) (citing *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380 (9th Cir. 1986), *cert. denied, Martin v. Robinson*, 479 U.S. 854 (1986); *CAM/RPC Elecs. v. Robertson (In re MGS Mktg.)*, 111 B.R. 264, 266-67 (B.A.P. 9th Cir. 1990)).

[3] *In re A & C Props.*, 784 F.2d at 1381 (citations omitted).

interests by the settlement, which brought an end to ongoing litigation. All of the so called A & C Properties factors were met.[4] Any suggestion the settlement was without consideration is wholly without merit.

## CONCLUSION

The Bankruptcy Court did not abuse its discretion in approving the settlement between the Trustee and the Partnership.

## ORDER

Judge Kirscher's Order and Memorandum of Decision of May 8, 2014, are AFFIRMED.[5]

DATED this 16th day of June, 2015.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge

---

[4] *See In re MGS Marketing*, 111 B.R. at 267 (B.A.P. 9th Cir. 1990) (citing *Woodson v. Fireman's Fund Insur. Co.*, 839 F.2d 610, 620 (9th Cir. 1988)).

[5] *See In re Hardin & Company, Ltd.*, Bankr. Case No. 13-60413-7, Docs. 136 and 137.